UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

K.W., A MINOR CHILD, BY HER MOTHER AND NATURAL GUARDIAN, VICKI BROWN

        Plaintiff,

– against –

THE CITY OF NEW YORK, ET. AL.

        Defendants.

**MEMORANDUM, ORDER & JUDGEMENT**

11-CV-00388

**JACK B. WEINSTEIN, Senior United States District Judge:**

APPEARANCES:

For Plaintiff:

>KRISTINA S. HEUSER, P.C. (KH3612)
>Post Office Box 672
>Locust Valley, NY 11560

For the Defendants:

>Michael A. Cardozo, Corporation Counsel of the City of New York
>100 Church Street, Room 2-301
>New York, NY 10007
>By: SERENA LONGLEY, Of Counsel



1

## Table of Contents

I. Introduction ................................................................................................................ 2

II. Facts ........................................................................................................................... 3

    A. November 25, 2009, Incident .............................................................................. 3

    B. Prior Incidents of Bullying .................................................................................. 4

    C. Complaints to Officials ....................................................................................... 4

    D. January 8, 2010, Incident .................................................................................... 4

III. Law ............................................................................................................................ 5

    A. Motion to Dismiss Standard ................................................................................ 5

    B. Due Process Claims under 42 U.S.C. § 1983 ...................................................... 5

        1. Substantive Due Process ................................................................................ 5

        2. Procedural Due Process .................................................................................. 7

        3. Liability of NYPD and School Safety ............................................................ 7

        4. Municipal Liability ........................................................................................ 8

    C. Equal Protection Claim ....................................................................................... 8

    D. Claims under 42 U.S.C. § 1985 and § 1986 ........................................................ 8

IV. Application of Facts to Law ....................................................................................... 9

    A. Substantive Due Process Claims ......................................................................... 9

    B. Equal Protection Claims .................................................................................... 10

    C. Claims under 42 U.S.C. §§ 1985 and 1986 ....................................................... 10

    D. State Law Claims .............................................................................................. 11

V. Conclusion ................................................................................................................ 12

## I. Introduction

The issue presented is the extent to which a public school's failure to protect students from peer classroom bullying violates the constitution. This conduct can prevent a child from

being educated appropriately. Critical are the facts. In most instances the matter of relief is best left to state procedures and substantive law since it is state and local government that carries the main burden of educating our children. *See, e.g., T.K. v. N.Y. City Dep't of Educ.*, No. 10–CV–00752, 2011 WL 1579510 (E.D.N.Y. 2011) (bullying may require response from state). K.W., acting through her mother, alleges that during the 2009-2010 school year, she experienced "bullying" at the hands of another kindergartner at P.S. 51, a New York City public school. She claims a violation of her constitutional rights under. *See* 42 U.S.C. §§ 1983, 1985, and 1986. Pendent state causes of action (denial of right to education and negligent hiring, supervision, and retention practices) are alleged.

Defendants are the City of New York, the New York City Department of Education ("DOE"), New York City Police Department ("NYPD"), the New York City Office of School Safety ("School Safety"), and the following persons in their individual and official capacities: former Chancellor Joel Klein, Superintendent Philip Composto, P.S. 151 Principal Jason Goldner, P.S. 151 Assistant Principals Maria Psaradakis and Anthony Bentivegna, K.W.'s teacher Ms. Laziridis, and the P.S. 151 Parent Coordinator, Nadia Ryan.

The facts alleged are assumed to be true. Defendants move to dismiss for failure to state a claim. For the reasons stated below, the motion is granted.

## II. Facts

### A. November 25, 2009, Incident

About November 25, 2009, a classmate cut off one of K.W.'s braids with a pair of scissors taken from a student's desk. Compl. ¶ 18

3

### B. Prior Incidents of Bullying

A classmate had "pulled" all of the beads out of K.W.'s hair, *Id.* at ¶ 24, and had "shoved and elbowed" her. *Id.* at ¶ 26. This child had repeatedly taken K.W.'s lunch. *Id.* at ¶ 28.

Neither the defendant principal nor school teachers and administrators took action when these incidents were reported. The principal had characterized them as "child's play." *Id.* at ¶ 27.

K.W. was allegedly so traumatized that she was "in fear for her safety every day she went to school" and was "very apprehensive and resistant to going to school." *Id.* at ¶ 37. There is no contention that K.W. missed a single school day.

### C. Complaints to Officials

In December, 2009, plaintiff reported the November 25, 2009, incident to school administrators, who indicated that they would investigate. *Id.* at ¶¶ 31-32. The teacher reported that she was unaware that an incident had occurred. *Id.* at ¶ 33. Plaintiff also complained at New York emergency number, "311," and to the New York NYPD concerning the hair cutting. *Id.* at ¶ 35. The NYPD did not believe that the incident warranted a report or further action. *Id.* at ¶ 35. The school took no steps to resolve the matter. *Id.*

### D. January 8, 2010, Incident

In January, 2010, a classmate again cut off one of K.W.'s hair braids. *Id.* at ¶ 42. The scissors were from the teacher's desk. Transfer of K.W. to another school—which had previously been denied—was sought by plaintiff. The request was granted. *Id.* at ¶ 45.

## III. Law

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure (F.R.C.P) 12(b)(6) allows dismissal of claims when the pleading party has failed "to state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion, "a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." *Clark Street Wine & Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 479 (E.D.N.Y 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B. Due Process Claims under 42 U.S.C. § 1983

#### 1. Substantive Due Process

In general, "the Due Process Clause of the Constitution does not require that the states 'protect the life, liberty, and property of its citizens against invasion by private actors.'" *T.K.*, 2011 WL 1576510 at *15 (quoting *Deshaney v. Winnebago County Dep't of Soc. Services*, 489 U.S. 189, 195 (1989)). The Due Process Clause protects citizens from being deprived by the state of those rights, "but it does not require the state to provide aid, even when it may be necessary *T.K.*, 2011 WL 1576510 at *15 (citing *Deshaney*, 489 U.S. at 195-196).

5

There are two instances when states are burdened with a duty to protect: (1) where a 'special relationship' exists between the state and the person harmed; or (2) where the state is responsible for the 'creation of the danger' that caused the person's harm. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In itself, a state's failure to protect does not give rise to a constitutional violation. *Smith v. Guilford Bd. of Educ.*, 226 Fed. Appx. 58, 62 (2d Cir. 2007) (holding that as a matter of law, a school's failure to respond to peer bullying and harassment "does not rise to the level of 'egregious conduct...so brutal and offensive to human dignity as to shock the conscience'") (quoting *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir. 2002).

The 'special relationship' doctrine is an exception to the general rule that the government does not have a duty to protect individuals from third party violence. *See DeShaney*, 489 U.S. at 196; *see also T.K*, 2011 WL 1576510 at *16. *DeShaney* ruled that the government has a duty to protect when the victim of third party violence is in state custody or control because he is incarcerated or institutionalized. *DeShaney*, 489 U.S. at 200 n.8.

As explained in *T.K.*, the Court of Appeals for the Second Circuit has not directly addressed the question of whether compulsory education laws so restrict a child's freedom as to place her in state custody or control within the meaning of the 'special relationship' exception. *T.K*, 2011 WL 1576510 at *16. Recent decisions in the Second Circuit have not found the existence of a 'special relationship' in the public school context. *See, e.g., DiStiso v. Town of Wolcott*, 750 F. Supp. 2d 425, 446 (D. Conn. 2010); *Risica ex rel. Risica v. Dumas*, 466 F. Supp. 2d 434, 439 (D. Conn. 2006); *Santucci v. Newark Valley Sch. Dist.*, No. 3:05-CV-0971, 2005 WL 2739104, at *3 (N.D.N.Y. Oct. 24, 2005); *Bungert ex rel. Murcko v. City of Shelton*, No. 3:02-CV-01291 (RNC), 2005 WL 2663054, at *3-4 (D. Conn. Oct. 14, 2005); *Patenaude v.*

*Salmon River Centr. Sch. Dist.*, No. 3:03-CV-1016, 2005 WL 6152380, at *11 (N.D.N.Y. Feb. 16, 2005). Other circuits have concluded that a child is not in state custody or control while at public school. *See, e.g., Hasenfus v. LaJeunesse*, 175 F. 3d 68, 71-72 (1st Cir. 1999); *D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368-72 (3rd Cir. 1992); *Doe v. Hillsboro Ind. Sch. Dist.*, 113 F.3d 1412, 1415 (5th Cir. 1997); *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 911 (6th Cir. 1995); *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272-73 (7th Cir. 1990); *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 731-32 (8th Cir. 1993); *Maldonado v. Josey*, 975 F.2d 727, 731-32 (10th Cir. 1992); *Wyke v. Polk County Sch. Bd.*, 129 F.3d 560, 569 (11th Cir. 1997); *cf. Pagano v. Massapequa Pub. Schs.*, 714 F. Supp. 641, 643, (E.D.N.Y. 1989) ("We consider elementary school students who are required to attend school, the truancy laws still being in effect, to be owed *some* duty of care by defendants which may or may not rise to the level required ....") (emphasis in original).

In assessing whether a Due Process claim is viable, a two-pronged test is applied: (1) there must be a showing of a "special relationship," and (2) the conduct at issue must "shock the contemporary consciousness." *T.K*, 2011 WL 1576510 at *16.

### 2. Procedural Due Process

The Court of Appeals for the Second Circuit in *Smith* declared, in the school bullying context, that a federal claim for deprivation of a property interest may be cognizable if the victim claims that she missed school because of school officials. *See* Smith, 226 Fed. Appx. at 63.

### 3. Liability of NYPD and School Safety

A victim has no constitutionally protected right to have the police enforce the law when enforcement is discretionary. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). The way in which NYPD, including School Safety, exercises its enforcement authority involves

7

"questions of judgment, discretion, and the allocation of resources and priorities which are inappropriate for resolution in the judicial arena." *Jones v. Beame*, 45 N.Y.2d 402, 407 (1978). "It is the settled policy of the courts not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate." *Gaynor v. Rockefeller*, 15 N.Y.2d 120, 131 (1965).

### 4. Municipal Liability

Municipal liability depends upon a policy or practice supporting the action complained of. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1968).

### C. Equal Protection Claim

To successfully plead a violation of the Equal Protection claim under 42 U.S.C. § 1983 in the student harassment context, a plaintiff must contend that defendants intentionally provided her with less protection than other similarly situated students because of an impermissible consideration such as "race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Efua Ehi Okoh v. Sullivan*, No. 10 Civ. 2547, 2011 WL 672420, at *12 (S.D.N.Y. Feb. 24, 2011) (quoting *Miner v. Clinton, N.Y.*, 541 F.3d 464, 474 (2d Cir. 2008)).

Avoiding dismissal requires plaintiff to allege that defendants *purposefully* discriminated against her "because of the protected characteristic." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (citing *Personnel Adm'r of Mass v. Feeny*, 422 U.S. 256, 279 (1979)).

### D. Claims under 42 U.S.C. § 1985 and § 1986

Title 42 U.S.C. § 1985 prohibits conspiracies by two or more persons that interfere with and injure any person's civil rights. To avoid dismissal of a § 1985 claim, a plaintiff must

demonstrate: (1) a conspiracy; (2) for the purpose of depriving either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) a person is either injured in his person or property or deprived of any right of a citizen of the United States; and (5) the conspiracy is motivated by some racial or perhaps otherwise invidious discriminatory animus. *Mian v. Donaldson, Lufkin & Jenrette Sec.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *see also Lucas v. N.Y. City*, 842 F. Supp. 101, 104 (S.D.N.Y. 1994) *accord Young v. Suffolk County*, 705 F. Supp 2d 183, 208 (E.D.N.Y. 2010) (holding plaintiff failed to state a claim under § 1985(3) when complaint was devoid of any allegations of class-based discrimination).

Pleadings "containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Young*, 705 F. Supp. 2d at 208 (quoting *Leon v. Murphy*, 988 F. 2d 303, 311 (2d Cir. 1993)). "Section 1986 provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in § 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Thomas v. Roach*, 165 F. 3d 137, 147 (2d Cir. 1999).

## IV. Application of Facts to Law

### A. Substantive Due Process Claims

Plaintiff does not allege facts of shocking bullying. The incidents relied upon by plaintiff are far less severe than those in *Smith* that might 'shock the contemporary consciousness.' *See Smith*, 226 Fed. Appx. at 62. In that case, plaintiff alleged that every day for three months, bigger high school students than plaintiff engaged in an ongoing course of grabbing, assaulting, restraining, imprisoning, and teasing with disparaging or threatening comments. Specifically,

9

the student alleged that other high school students forced plaintiff into a backpack, and zipped up the backpack while mocking him. *Smith*, No. Civ.A.303CV1829, 2005 WL 3211449 at *1–2 (D. Conn Nov. 30, 2005) *aff'd in part, vacated in part, and remanded by Smith v. Guilford Bd. of Educ.*, 226 Fed. Appx. 58 (2d Cir. 2007). As a result, the victim was so afraid to attend school that he voluntarily withdrew. Nevertheless, the court held that because the public school system was still accessible to the student, defendants had met their obligation to provide him with access to a free public education and had not deprived him of a cognizable interest protected by the federal constitution. *Id.* 226 Fed. Appx. at 63.

The claims against NYPD and its School Safety are dismissed. There is no right grounded in New York or federal law entitling plaintiff to receive any particular response or enforcement from NYPD or its School Safety under the facts alleged. Since there is no municipal policy or practice alleged that caused a constitutional violation, there is no municipal liability under *Monell*.

### B. Equal Protection Claims

There is no sufficient description in the Complaint supporting K.W.'s claim of protected characteristics or any suggestion of what motivated defendants. Conclusory allegations about a protected class do not suffice. *Iqbal*, 129 S. Ct. at 1950; *see also Hayden v. Paterson*, 594 F.3d 150, 161-62 (2d Cir. 2010); *Efua Ehi Okoh*, 2011 WL 672420 at *12 (quoting *Bishop v. Best Buy*, No. 08 Civ. 8427, 2010 WL 4159566 at *11 (S.D.N.Y. Oct. 13, 2010) ("Conclusory allegations of selective treatment are insufficient to state an equal protection claim.")).

### C. Claims under 42 U.S.C. §§ 1985 and 1986

Plaintiff fails to allege the requisite elements of a conspiracy under § 1985. There is no hint of a conspiracy to violate K.W.'s constitutional rights that was motivated by racial animus.

10

*See Mian* 7 F.3d at 1087. The incomplete and conclusory allegations of conspiracy are insufficient to avoid dismissal. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Since plaintiff's allegation of conspiracy under § 1985 is insufficient, her derivative § 1986 claim fails.

The § 1986 derivative claim is also time-barred. There is a one-year statute of limitations for claims under § 1986 that bars the suit. *See* 42 U.S.C. § 1986 ("... But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); *see also Ervin v.* Lanier, 404 F. Supp. 15, 19 (E.D.N.Y. 1975).

### D. State Law Claims

Plaintiff alleges state claims for (1) denial of a right to education and (2) negligent hiring, supervision, and retention practices. Exercise of supplemental jurisdiction is permitted under 28 U.S.C. § 1367(a). *See Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). A federal court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367 (c).

Discretion is exercised declining to accept supplemental jurisdiction over plaintiff's state law claims because all of the underlying federal claims have been dismissed and no discovery has taken place on state issues. In addition, the subject of bullying in New York public schools is a developing state legal issue. In general, state and local government are better suited than federal courts to fashion appropriate policy and relief when bullying interferes with a student's learning. *See Valencia v. Lee*, 316 F.3d 299 (2d Cir. 2003) (district court's exercise of

supplemental jurisdiction was abuse of discretion where claims raised novel issues of state law); *but cf. Drake v. Laboratory Corp. of America Holdings*, 323 F. Supp.2d 339 (E.D.N.Y. 2004) (exercising supplemental jurisdiction over state claims where plaintiff had been litigating case in district court for a decade, court was uniquely familiarity with facts and history of case and initiating new litigation in state court would cause under delay and burden on state court system).

V.  **Conclusion**

Leave to amend is not granted since no federal claim can be stated.

All federal claims are dismissed on the merits. All state claims are dismissed, but not on the merits.

The clerk of the court shall enter judgment for defendants. No costs or disbursements are awarded.


SO ORDERED.


*/s/ Jack B. Weinstein*

Jack B. Weinstein
Senior United States District Judge

Dated: August 9, 2011

Brooklyn, New York